UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

NAJMEH RAKI

Plaintiff )
)
VS )
) Civ. No.
1. Antony BLINKIN, Secretary of State
U.S. Department of State )
2201 C Street, N.W., Room 6811 )
Washington, DC 20520 )
)
2. Merrick Garland Esq.
Attorney General
Department of Justice )
)
3. Lynne Tracy,
Ambassador )
U.S. Embassy - Yerevan )
1 American Avenue
Yerevan 0082, Republic of Armenia )
)
Defendants )

## **COMPLAINT FOR MANDAMUS AND DECLARATORY. JUDGMENT**

The plaintiff NAJMEH RAKI through Undersigned Counsel complaints of Defendants Antony Blinkin Secretary of State U.S. Department of State and Lynne Tracy U.S. Ambassador U.S. Embassy and the Consular Section Immigrant Visa Unit U.S. Embassy Yerevan who through U.S. consul General in Yerevan has not finalized action on an Immigrant Visa petition of the Spouse of Plaintiff for last one (1) year after his interview on July 13, 2021.

## PREFATORY STATEMENT

1. This is an action to compel the Defendants and those acting under them to immediately and forthwith take all appropriate action to issue a decision on the Immigrant Visa application of the Plaintiff which has been pending at the U.S. Embassy Yerevan, Armenian ("the Consulate") since on or before 07/13/2021 and NVC # YRV2021596008.

2. The Immigrant Visa application is based on an approved Petition for Alien Relative (Form I-130) filed by the U.S. LPR Spouse Plaintiff, **Mrs. Najmeh Raki** on August 24TH 2018 for the benefit of **Mr. Ehsan Mirzaei** as an immediate relative with USCIS under the following receipt number: WAC1890369429 which was approved on 10/19/2019.

3. The I-130, which was received by U.S. Citizenship and Immigration Services ("USCIS") on August 24th, 2018, which was approved on or about October 09th, 2019 and forwarded to the Consulate through National Visa Center on June 22nd 2021 for an emergency expedited Interview on July 13th, 2021. *See* Exhibit 1 (Notice of I-130 Approval, Immigrant Visa Interview).

4. The Applicant **Mr. Ehsan Mirzaei** appeared for an Immigrant Visa interview at the Embassy on July 13th, 2021 and was directed to Upload more documentation of the marriage and other relationship and his passport was kept for processing under administrative processing. Exhibit 2 (National Visa center correspondence and Interview appointment)

5. Despite numerous inquiries by Congressional Liaison for the plaintiff and Plaintiff one year has passed since he was interviewed, the Embassy has thus far refused to issue a decision on his Immigrant Visa application. See Exhibit (3) Inquires and seeking help from Elected representatives (U.S. Senator Ted Cruz and Representative Lizzie Fletcher).

6. The Plaintiff is entitled to a decision on plaintiff's Immigrant Visa application. *See* 22 C.F.R. § 42.8l(a) ("Issuance or refusal mandatory. When a visa application has been properly completed and executed before a consular officer in accordance with the provisions of INA and the implementing regulations, the consular officer *must either issue or refuse the visa[.]")* (emphasis added); *see also* sections 10l(a)(9), (16), 20l(b)(2)(A)(i) of the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1 !0l(a)(9), (16), 120l(b)(2)(A)(i); *Patel v. Reno,* 134 F.3d 929, 932 (9th Cir. 1997) ("A consular office is required by law to act on visa applications."). The Immigrant Visa application remains within the jurisdiction of the Defendants, who have improperly withheld action on it for four-and-a-half years, to the detriment of the rights and privileges of the Plaintiff.

**I.** **JURISDICTION**

This is a civil action brought pursuant to 8 U.S.C. § 1329 Jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal question jurisdiction) and § 1361 (action to compel an officer of the United States to perform his duty) to redress the deprivation of rights, privileges, and immunities secured to the Plaintiffs, by which statutes jurisdiction is conferred, to compel the Defendants to perform a duty that the Defendants owe to the Plaintiffs. Jurisdiction is also conferred by 5 U.S.C. § 555(b) and § 704, the Administrative Procedure Act ("APA").

7. Under 28 U.S.C. § 1361, "[t]he districts courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Furthermore, the Plaintiffs are challenging the Consulate's authority to refuse to adjudicate Plaintiff's Immigrant Visa application, not challenging a decision with the discretion of the Consulate. Therefore, jurisdiction exists for this Court to consider whether the Consulate has authority to withhold adjudication of the Immigrant Visa application. *See Patel,*

134 F.3d at 932; *Raduga USA Corp. v. United States Dep't a/State,* 440 F. Supp. 2d 1140, 1149 (S.D. Cal. 2005) (finding mandamus jurisdiction where "Plaintiffs simply seek to compel the consul to render a final decision on Plaintiffs' [] visa applications which is mandated under [8 C.F.R.] § 42. Sl(a)").

8. The APA requires the Consulate to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." (Emphasis added). The Consulate is subject to 5 U.S.C. § 555(b). *See Patel,* 134 F.3d at 931-32 ("Normally a consular official's discretionary decision to grant or deny a visa petition is not subject to judicial review. However, when the suit challenges the authority of the consul to take or fail to take an action as opposed to a decision taken within the consul's discretion, jurisdiction exists.") (Internal citations omitted); *Raduga USA,* 440 F. Supp. 2d at 1146 ("[T]he Court finds that Plaintiffs have sufficiently demonstrated Article III standing to bring this APA mandamus action."). As set forth below, the delay in processing of Immigrant Visa application is unreasonable.

The Code of Federal Regulations is unambiguous that the Consulate has a mandatory and affirmative duty to adjudicate a properly filed Immigrant Visa application where the underlying I-130 petition has been approved by USCIS and forwarded to the appropriate overseas consulate. 22 C.F.R. § 42. Sl(a); *see also* INA§ 201(b)(2)(A)(i) ("Immediate relatives.").

## II. VENUE

9. Venue is proper under 28 U.S.C. § 1391(e), because this is an action against officers and agencies of the United States in their official capacities, brought in the district where a defendant resides and where a substantial part of the events or omissions giving rise to the Plaintiffs' claim

occurred. The Defendant, **Antony Blinkin** is sued in his official capacity as Secretary for State, of the Department of State which is a United States federal agency and resident in this district. The Defendant, **Lynne Tracy**, is sued in his official capacity as Ambassador of United States in the U.S. Consulate Immigrant Visa Unit Yerevan and working in the Department of State who is supervising the Visa Issuance authorities in the U.S Consulate Immigrant Visa Unit Yerevan, Armenia.

**III.** **PARTIES**

10. The Plaintiff **Mrs. Najmeh Raki** is a United States LPR and the Petitioner for an I-130 Petition for Alien Relative filed on behalf of her spouse **Mr. Ehsan Mirzaei**.

11. The Plaintiff's Husband **Mr. Ehsan Mirzaei** is the Beneficiary of an approved I-130 Petition for Alien Relative filed by his U.S LPR Spouse applicant for an Immigrant Visa currently pending at the U.S. Embassy – Yerevan, Armenia,

12. The Defendant Antony Blinkin is Secretary for State for U.S. Department of State. This suit is brought against him in his official capacity, as he is charged with oversight of all consular- including immigrant visa-matters.

13. The Defendant **Lynne Tracy** is U.S. Ambassador in U.S. Consulate Immigrant Visa Unit Yerevan, Armenia is Consul General of the U.S. Embassy in Yerevan, Arnenia. This suit is brought against him in his official capacity, as he is responsible for oversight of all consular activities of the Embassy.

14. The Defendant Merrick Garland is Attorney General of United Stated Department of Justice, and this cause of action is brought against him in his official capacity as the Legal representative of US Department of State.

15. The Defendant Jennifer Lowery is US Attorney for the Southern District of Texas, and this cause of action is brought against the Defendant in official capacity as representative of Department of Justice in Houston Texas.

## CAUSE OF ACTION

16. On August 24th,2018, Plaintiff filed Immigrant Visa petition on behalf of her spouse **Mr. Ehsan Mirzaei** which was assigned case No WAC1890369429 and was approved on 10/19/2019. USCIS after approval forwarded the Visa to the U.S. department of State national visa center in the U.S. for further processing and forwarding the same to US consulate Yerevan, Armenia. *See* **Exhibit 1**.

17. The case was forwarded to U.S. consulate in Yerevan on January 9th,2019 and directed that Plaintiff's spouse appear for interview on July 13th,2021. The Plaintiff's spouse duly appeared and presented his documentation and was expecting that visa would be issued and he would be able to join the spouse in U.S. and provide her consortium and that they would be able to continue living together. *See* **Exhibit 2**.

18. The Plaintiff's spouse was informed that the case is under administrative processing and that he should upload more documents of marriage. The documentation was uploaded as directed and are part of record.

The Plaintiff and her spouse patiently waited for last one year for administrative processing to be completed. It was frustrating for the plaintiff and her spouse to see that people who filed after her filing, were issued visa and were able to travel to USA and join their spouses.

18. Multiple inquires have been made but no fruitful result is forthcoming from

Defendants. *See* **Exhibit 3** incorporated by reference herein.

19. In the succeeding one year his wife the Plaintiff has repeatedly inquired into the status of his Immigrant Visa application. The Consulate has not replied and continue to delay the matter of Plaintiff without any cause.

Sometimes, U.S. consulate has said there is delay in processing and sometimes it takes position that there is presidential proclamation which bars issuance of Immigrant Visa due to COVID-19.

President Joseph Biden has rescinded presidential proclamation barring the issuance of Immigrant visa therefore there is no reason for further delay. Furthermore, Petitioner's case was filed and interviewed before Presidential proclamation and therefore should not have been delayed due to the same reason or for any other reason.

20. Due to this extraordinary delay and that she is depressed and stress that her husband is not able to be with her during here recent emergency medical procedure.

21. The delay of one (1) year in administrative processing and not issuance of visa or decision is unreasonable. *See* 22 C.F.R. § 42.81(a); *see also Patel,* 134 F.3d at 932 ("A consular office is required by law to act on visa applications."); *Raduga USA,* 440 F. Supp. 2d at 1149 ("The Court finds the consul's four-year delay unreasonable and therefore issues a writ of mandamus directing the consul to render a final decision, either granting or denying Plaintiffs' visa applications pursuant to § 42.81(a).").

The issuance or denial of visas is the responsibility of consular officers under the INA. *See* INA§ 201(b)(2)(A)(i), INA§§ 10l(a)(9), (16); *see also Saavedra Bruno v. Albright,* 197 F.3d 1153, 1164 (D.C. Cir. 1999) ("The INA confers upon consular officers the exclusive authority to review applications for visas, precluding even the Secretary of State from controlling their

determinations."); *Patel,* 134 F.3d at 933 ("[I]t is uncontested that only State Department consular officers have the power to issue visas."); *Raduga USA,* 440 F. Supp. 2d at 1145 (holding that "[a]ny delay in processing Plaintiffs' visa applications is[] traceable solely to the consular officials").

22. In general, a consular officer's decision to grant or deny a visa petition is not subject to judicial review: this is known as the "doctrine of consular non reviewability." *See, e.g., Saavedra Bruno,* 197 F.3d at 1164 ("The doctrine holds that a consular official's decision to issue or withhold a visa is not subject to judicial review[.]"); *Am. Sociological Ass'n v. Chertoff,* 588 F. Supp. 2d 166, 171 (D. Mass. 2008); *Am. Acad. of Religion v. Chertoff,* No. 06-CV-588 (PAC), 2007 U.S. Dist. LEXIS 93424, at *17-18 (S.D.N.Y. Dec. 20, 2007). However, where a plaintiff challenges the authority of consular officers to either take or fail to take an action, "as opposed to a decision taken within the consul's discretion, jurisdiction exists." *Patel,* 134 F.3d at 931-32 (footnotes and citations omitted).

The doctrine of consular non reviewability is simply inapplicable here. The Plaintiffs are not asking the Court to review the Consulate's decision to approve or deny a visa request. Rather, in this case the Consulate has failed to render *any* decision, despite the four-and-a-half years that have passed since visa interview. The Plaintiffs seek only to compel the Consulate to decide on the pending Immigrant Visa application, "which the consul is required to make in the first place pursuant to 22 C.F.R. § 42.81(a)." *Raduga USA,* 440 F. Supp. 2d at 1146 (citing *Patel,* 134 F.3d at 932).

Plaintiff's fundamental right to live her life and enjoy consortium of her spouse has been impinged upon by the inaction and extraordinary delay on the part of Defendants and that Plaintiff has suffered injury and continues to suffer.

Plaintiff has suffered a medical emergency requiring surgery at the University of Texas Women's Center in Memorial City Houston, Texas on 05/18/2021 under the care of Dr. Michael Adler, MD for a long-standing history of foot and ankle pathologies affecting her gait and lower

extremities. Her condition was debilitating, and she suffered additional pain and suffering and mental anguish post-operatively with the absence of her husband as she has no other family in the United States who could take care of her.

IV. **CLAIMS**

21. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Liberty Fund, Inc. v. Chao,* 394 **F.** Supp. 2d 105, 113 (D.D.C. 2005); *see also Patel,* 134 F.3d at 933 (duty to adjudicate an immigrant visa application). The Plaintiff clearly meets all three of these criteria. *See, e.g., Raduga USA,* 440 F. Supp. 2d at 1146 ("Plaintiffs' claim here is clear and certain, and the consul's nondiscretionary, ministerial duty is plainly prescribed. Furthermore, Plaintiffs have no other means to compel the United States consul to make a decision.").

22. The Plaintiffs have fully complied with all statutory and regulatory requirements for seeking an Immigrant Visa for her spouse, including obtaining approval of an I-130 Petition for Alien Relative and submitting all necessary documentation and paying all required fees.

23. The Defendants have willfully and unreasonably failed to adjudicate Immigrant Visa application for TWO years, thereby depriving the Plaintiffs of their rights under 22 C.F.R. § 42.81(a) and the APA to have a properly filed visa application decided in a timely manner.

24. The Defendants owe the Plaintiff a duty to act upon the Immigrant Visa application. This duty is owed under the INA and the federal regulations. *See* INA § 201(b)(2)(A)(i); INA §§ 101(a)(9), (16); 22 C.F.R. § 42.81(a); *see also, e.g., Donovan v. United States,* 580 F.2d 1203, 1208 (3d Cir. 1978) (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to

have an action performed by a government official who refuses to act).

25. Adjudication of Immigrant Visa application is a purely ministerial, non-discretionary act which the Defendants are under obligation to perform in a timely manner; the Plaintiff has no alternative means to obtain adjudication of the visa; and their right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35 (1980); *see also First Federal Savings and Loan Ass'n of Durham,* 860 F.2d at 138; *Patel,* 134 F.3d at 933 ("[W]e find that the consulate had a duty to act and that to date ... the consulate has failed to act in accordance with that duty and the writ [of mandamus] should issue.").

26. Mandamus action is also appropriate because the Defendants have failed to act within a reasonable period of time. *See, e.g., Liu v. Novak,* 509 F. Supp. 2d 1, 9 (D.D.C. 2007) (holding that the APA requires the government to act within a reasonable period); *see also Sierra Club v. Thomas,* 828 F.2d 783, 794 (D.C. Cir. 1987) (stating that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"). The Plaintiffs have already waited TWO years for Immigrant Visa application to be adjudicated, without explanation from the Consulate for the delay, which is inherently unreasonable. *See, e.g., Raduga USA,* 440 F. Supp. 2d at 1149 (finding consulate's four-year delay unreasonable and issuing writ of mandamus instructing consulate to either grant or deny Plaintiffs' visa applications within 60 days). The Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law. *See* INA§ 20l(b)(2)(A)(i), INA§§ 10l(a)(9), (16); 22 C.F.R. § 42. Sl(a).

27. In sum, Plaintiff's Immigrant Visa application has been pending for One year with no decision. The Plaintiffs' claims are clear and certain, and the Consulate's nondiscretionary, ministerial duty is

plainly prescribed. In addition, the Plaintiffs have no other means to compel the Defendants to issue a decision on the pending visa application. This Court should therefore issue a writ of mandamus directing the Consulate to render a decision either granting or denying immigrant Visa application pursuant to 22 C.F.R. § 42. Sl(a). *See* INA§ 201(b)(2)(A)(i), INA§§ 10l(a)(9), (16); *Patel,* 134 F.3d at 933; *Raduga USA,* 440 F. Supp. 2d at 1149.

28. Plaintiff's fundamental right to live her life and enjoy consortium of her spouse has been impinged upon by the inaction and extraordinary delay on the part of Defendants and that Plaintiff has suffered injury and continues to suffer. She has been discriminated and other persons in similarly situated circumstances have been issued visas and have joined their spouses.

29. Plaintiff has suffered an emergency medical condition and undergone surgery and requires post operative care which was one of the underlying reasons for the interview expedite. However, since then, the case has been stuck in administrative processing.

30. Plaintiff's case is not subject to any presidential proclamation and limitation on issuance of Immigrant Visa as all the formalities and documentation has been provided to U.S. consulate to act and issue Immigrant Visa.

31. The Defendants' delay is without justification and has forced the Plaintiffs to resort to this Court for relief, and the Plaintiffs are entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

**V.**                                         **PRAYER**

WHEREFORE, the Plaintiffs pray that this Court:

A. Compel the Defendants and those acting under their behalf to perform their duty to adjudicate the Immigrant Visa application of **Mr. Ehsan Mirzaei** Spouse of Plaintiff without further

delay.

B.        Grant reasonable attorney's fees and costs of court under the Equal Access to Justice Act ("EAJA").

C.        Grant such other and further relief as this Court deems proper.

Respectfully submitted this **9th day of May 2022**

Respectfully submitted,

**CALEHR AND ASSOCIATES**
**Attorneys and Counselors at Law**

**By: /S/ Haroen Calehr**
Haroen Calehr
Texas Bar No. 24031787
Southern District of Texas
Federal Admission # 2999
10301 Northwest Freeway, Suite 311
Houston, Texas 77092
Tel. (713) 266-9299
Fax. (713) 680-9532
E-Mail: calehrlaw@yahoo.com
**ATTORNEY FOR PLAINTIFF**